■ RUTH W. CURRAN, Appellant, v COUNTY OF OTSEGO et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Mugglin, J.), entered October 4, 1990 in Otsego County, which granted defendants' motion to dismiss the complaint as time barred.

Plaintiff, a licensed practical nurse formerly employed by defendant County of Otsego, commenced an action against the County and defendant Frances Ives, the night supervisor of its nursing facility, alleging that Ives unjustly and without good reason preferred patient abuse charges against her which were ultimately dismissed by the Board of Regents. Defendants moved for summary judgment or, in the alternative, dismissal of the complaint pursuant to CPLR 3211. Supreme Court granted the motion, dismissing the complaint as time barred, and this appeal followed.

We affirm. Were we to accept plaintiff's complaint allegation that she became aware of the dismissal of the charges against her during May 1986, the notice of claim would have to have been filed no later than August 31, 1986 (General Municipal Law § 50-e). The notice of claim was not served until September 18, 1986. In the absence of any motion to extend the time to file and serve the notice of claim, service on September 18, 1986 was clearly untimely.

Furthermore, we summarily reject plaintiff's remaining arguments and agree with Supreme Court that the record did not establish sufficient facts to operate as an estoppel similar to that applied in *Salesian Socy. v Village of Ellenville* (41 NY2d 521). Although the County did not raise the defense of untimely filing of the notice of claim in its answer, the case had not proceeded to the point where that defense could be deemed to have been waived *(see, supra)*. Accordingly, the order of the Supreme Court which granted defendants' motion dismissing the complaint should be affirmed.

Casey, Mikoll, Crew III and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.